IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DARIOUS D. LEWIS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:25-cv-129-JDK-JDL |
| DONNA KING, et al., | § § § | |
| Defendants. | § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Darious Lewis, a Texas Department of Criminal Justice inmate proceeding pro se, brings this lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

On June 30, 2025, Judge Love ordered service upon and a response from Defendants Donna King and Geneva Robinson on the claims against them. Docket No. 21. On the same day, Judge Love issued a Report and Recommendation recommending that all claims against Defendant Karmen Ronnebaum be dismissed from this action pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2). Docket No. 20. A copy of the Report was mailed to Plaintiff, who filed an objection. Docket No. 24.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United*

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A party objecting to a Magistrate Judge's Report must specifically identify those findings to which he objects. Frivolous, conclusory, or general objections need not be considered by the Court. *See Nettles v. Wainright*, 677 F.2d 404, 410 & n.8 (5th Cir. 1982) (en banc).

The Report recommends dismissal of all claims against Defendant Ronnebaum for allegedly mishandling Plaintiff's prison grievance because prisoners have no constitutional right to an effective grievance system. Docket No. 20 at 3–4. Plaintiff objects, arguing it "is a complete contradiction" for the Prison Litigation Reform Act ("PLRA") to require exhaustion of administrative remedies and yet hold that there is no federal right to an effective system of administrative remedies. *See* Docket No. 24 at 2.

Plaintiff is correct that the PLRA requires prisoners suing over prison conditions first exhaust "such administrative remedies as are available." 42 U.S.C. § 1997e(a). Accordingly, when an institution either does not have a grievance system or otherwise imposes conditions—including where "prison officials thwart an inmate's efforts to comply"—such that "no administrative remedies are available, [then] the exhaustion requirement does not apply." *Williams v. Bexar Cnty.*, 2024 WL 3326082, at *7 (5th Cir. July 8, 2024). The facial or practical unavailability of administrative remedies may thus be a basis to avoid the PLRA's exhaustion requirement for an underlying claim. But that does not mean prison officials are

constitutionally required to make such remedies available. As the Report correctly explained, *see* Docket No. 20 at 3, prisoners have no constitutional right to a grievance system, and claims of improperly handled grievances are "indisputably meritless." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objection is without merit. Accordingly, the Court **OVERRULES** Plaintiff's objections (Docket No. 24) and **ADOPTS** the Report of the Magistrate Judge (Docket No. 20) as the opinion of the Court. Plaintiff's claims against Defendant Ronnebaum are **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

**So ordered and signed on this**
**Jul 28, 2025**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE